IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN RODNEY VEACH,

                                     Case No. 3:14-cv-00288-MO

       Petitioner,

    v.

MARION FEATHER,

                              OPINION AND ORDER

       Respondent.

      Stephen R. Sady, Chief Deputy Federal Public Defender
      101 S.W. Main Street, Suite 1700
      Portland, Oregon 97204

            Attorney for Petitioner

      S. Amanda Marshall
      United States Attorney
      Natalie K. Wight, Assistant United States Attorney
      1000 SW Third Avenue, Suite 600
      Portland, OR 97204-2902

            Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of his federal sentence as enhanced pursuant the Armed Career Criminal Act. Because the Middle District of Pennsylvania has already determined that petitioner is not entitled to relief on this claim, the Petition for Writ of Habeas Corpus (#2) is dismissed.

<u>**BACKGROUND**</u>

On July 22, 2003, petitioner pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) in the Southern District of Illinois. The District Court applied a career offender enhancement in light of petitioner's two prior Illinois state convictions for aggravated battery. As a result, the court sentenced petitioner to 188 months in prison. If not for the prior state convictions and resulting enhancement, petitioner's sentence would likely have fallen under the Guidelines range of 57-71 months.

As part of his plea agreement, petitioner agreed to waive future challenges to his sentence:

> Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his

2 - OPINION AND ORDER

> right to challenge his sentence or the manner
> in which it was determined in any collateral
> attack, including but not limited to a motion
> brought under Title 28, United States Code,
> Section 2255.

Respondent's Exhibit 3, p. 3.

Notwithstanding this waiver, petitioner proceeded to challenge the legality of his sentence. The District Court for the Middle District of Pennsylvania recently summarized much of petitioner's procedural history in a 28 U.S.C. § 2241 habeas action petitioner filed in that court:

> [P]etitioner appealed his sentence *pro se* to
> the United States Court of Appeals for the
> Seventh Circuit. [*Veach v. U.S.*, 2008 U.S.
> Dist. LEXIS 55257 (S.D. Ill.) at *3-4]. The
> Seventh Circuit rejected petitioner's
> contention that *Booker v. United* States, 543
> U.S. 220 (2005) established an exception to
> his appellate waiver and dismissed his appeal.
> *Id*. at *3. On July 18, 2006, petitioner,
> through current counsel, filed a motion to
> vacate, set aside, or correct his sentence
> pursuant to 28 U.S.C. § 2255 on the ground
> that trial counsel was ineffective during plea
> negotiations. *Id*. at *3-4. The trial judge
> acknowledged that otherwise valid appeal
> waivers do not preclude ineffective assistance
> claims that have their basis in plea
> negotiations. *Id*. at *19-20. . . . The court
> thus conducted a merits review of the
> petitioner's ineffective assistance claim to
> the extent it pertained to the appellate
> waiver and ultimately concluded that the
> petitioner had failed to satisfy either
> element of the ineffective assistance test set
> forth in *Strickland v. Washington*, 466 U.S.
> 668, 694 (1984). *Id*. at *19-24.
>
> In doing so, the court emphasized the
> voluntariness of petitioner's plea agreement
> and his appellate waiver, noting that the plea

agreement was signed by petitioner and that petitioner affirmatively responded to the sentencing court's thorough inquiries as to whether petitioner's plea agreement, and in particular the appellate waiver, were knowing and voluntary. *Id*. ("Veach's statements . . . during the . . . change of plea hearing clearly illustrate that he knowingly and voluntarily entered into the plea agreement and specifically accepted the appellate waiver terms of the agreement."). The [sentencing] court thus enforced the appellate waiver and dismissed the § 2255 motion.

Petitioner did not appeal the denial of his Section 2255 motion. Instead, he filed a motion for a certificate of appealability in the Seventh Circuit, which the Circuit directed the district court to file as a notice of appeal. *See Veach v. United States*, 2010 U.S. Dist. LEXIS 106975, *2 (S.D. Ill. Oct. 6, 2010). Therein, petitioner asked the court to remand his case to the district court for resentencing without the career offender enhancement pursuant to the Supreme Court's recent decisions in *Chambers v. United States*, 555 U.S. 122 (2009) and *Begay v. United States*, 553 U.S. 137 (2008). *Veach*, 2010 U.S. Dist. LEXIS 106975 at *2. The district court declined to issue a certificate of appealability, and concluded that while the *Begay* rule is retroactively applicable, petitioner had executed a broad appellate waiver, found by the court to be valid and enforceable, thus precluding petitioner's claim. Id. at *3-5. Petitioner appealed to the Seventh Circuit, which dismissed his appeal as untimely. However, noting *Begay's* retroactive applicability, the panel observed that Veach's argument regarding his career offender status "might be appropriately brought in a petition under 28 U.S.C. § 2241, which is the proper avenue for relief when § 2255 is "inadequate or ineffective to test the legality of his detention.'" *Veach v. United States*, No. 10-2129 (7th Cir. Nov. 19, 2010).

Respondent's Exhibit 6, *Memorandum* at 3-4.

Petitioner then filed a 28 U.S.C. § 2241 habeas corpus case in the Southern District of Illinois on June 22, 2011 alleging that his classification as a career offender was constitutionally impermissible in light of the *Begay* decision which the Seventh Circuit had determined applied retroactively to cases on collateral review. *Welch v. United States*, 604 F.3d 408, 413-15 (7th Cir. 2010). The Southern District of Illinois transferred the case to the Middle District of Pennsylvania where the District Court determined that petitioner's appellate waiver had been knowingly and voluntarily entered, was enforceable, and barred him from challenging his sentence in that proceeding. It also concluded that enforcing the appellate waiver would not result in a miscarriage of justice because the 188-month sentence did not exceed the applicable 240-month statutory maximum.

The Middle District of Pennsylvania further opined that even if it were to hold the appellate waiver unenforceable, petitioner still could not demonstrate that jurisdiction was proper under § 2241 because "a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court; 'that has been established time and again in this Circuit.'" Respondent's Exhibit 6, p. 10 (citations omitted). The court also noted that "if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction,

section 2241 offers no remedy." *Id* at 11 (citing *Okereke*, 307 F.3d 117, 120 (3rd Cir. 2002)).

Petitioner did not appeal the District Court's decision from the Middle District of Pennsylvania, but instead filed this new 28 U.S.C. § 2241 habeas corpus case on February 18, 2014 wherein he again seeks to challenge the legality of his sentence in light of the Supreme Court's decision in *Begay*. Respondent asks the court to deny relief on the Petition because: (1) jurisdiction is not proper under § 2241; (2) petitioner's appellate waiver bars his claim; and (3) the Illinois state aggravated battery convictions are still qualifying crimes of violence for purposes of the career offender sentencing enhancement.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." However, under the "savings clause" or "escape hatch" of § 2255(e), a federal inmate may seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id* (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

A petitioner satisfies the savings clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation

marks omitted).  The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion.  *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

In this case, petitioner alleges that the sentencing enhancement that took him outside of the Guidelines range of 57-71 months and resulted in a sentence of 188 months is unlawful in light of the Supreme Court's holding in *Begay* because his prior state convictions for aggravated burglary in Illinois do not qualify as predicate offenses.[1]  In *Begay,* the Supreme Court determined that in order to be considered a violent felony for purposes of the Armed Career Criminal Act, a prior conviction must pose a serious threat of physical injury to others and involve the kind of purposeful aggressive conduct as the offenses enumerated in 18 U.S.C. § 924(e)(2)(B)(ii).  553 U.S. at 144.

---

[1] Petitioner also relies upon *Descamps v. United States*, 133 S.Ct. 2276 (2013), wherein the Supreme Court held that when deciding whether a defendant has previously been convicted of a violent felony for purposes of a career criminal enhancement, the sentencing court should not consider the defendant's conduct and should, instead, look only at the statutory elements of the offense. 133 S.Ct. at 2285-86.

Petitioner acknowledges that § 2255 is typically the appropriate vehicle by which to present such a claim, but he asserts that the § 2255 remedy is ineffective to test the legality of his detention because *Begay* was not decided until after his first § 2255 motion was denied.  He claims that § 2241 jurisdiction is proper under the savings clause of § 2255(e) because he is "actually innocent" of the career sentencing enhancement applied in his case.

As an initial matter, no district judge is required to entertain a habeas corpus petition "if it appears that the legality of such detention has been determined by a judge . . . on a prior application for a writ of habeas corpus. . . ."   28 U.S.C. § 2244(a).  This prohibition against successive petitions applies to habeas cases filed pursuant to 28 U.S.C. § 2241.  *Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998); *Chambers v. United States*, 106 F.3d 472, 475 (2nd Cir. 1997).  Because the District Court for the Middle District of Pennsylvania previously adjudicated petitioner's post-*Begay* challenge to the legality of his sentence, it is not appropriate for this court to re-analyze the same issue.  If petitioner disagreed with the Middle District of Pennsylvania's decision, his remedy was to take an appeal to the Third Circuit

Court of Appeals, not file a new § 2241 habeas case in this District raising the same challenge.[2]

But even assuming petitioner's case were properly before this court, and further assuming his appellate waiver is unenforceable contrary to the decisions of multiple courts to address the issue, the Ninth Circuit has determined that a "purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).   The Ninth Circuit has specifically addressed this issue with respect to career offender sentences. *Rith v. Rios*, 514 Fed.Appx. 684 (9th Cir. 2013) (one cannot be "actually innocent" of a career offender status for sentencing purposes); *Green v. Thomas*, 485 Fed.Appx. 888 (9th Cir. 2012) (one cannot be innocent of being classified as a career offender under the Sentencing Guidelines because that is not a cognizable claim of actual innocence under the escape hatch).

While the Ninth Circuit in *Marrero* left open the possibility that § 2241 habeas jurisdiction may be proper where the enhancement places the sentence outside the statutory maximum, that is not the case here.   Petitioner's 188-month sentence was well within the 240

---

[2]   While petitioner characterizes the precedent in the Third Circuit as unfavorable to him with respect to its "very restrictive view of miscarriages of justice[,]" Reply (#27), p. 8, this does not allow him to ask a district court in a different forum for different relief on the same claim.

statutory maximum.   Because actual innocence in the Ninth Circuit is synonymous with factual innocence of the crime of conviction, and as petitioner's sentence was well within the statutory maximum, § 2241 jurisdiction is not appropriate.

<u>**CONCLUSION**</u>

The Petition for Writ of Habeas Corpus (#1) is dismissed with prejudice to the filing of another § 2241 habeas action challenging his career offender sentence.   The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  24th  day of July, 2014.

/s/ Michael W. Mosman
        Michael W. Mosman
        United States District Judge

10 - OPINION AND ORDER